Jones, Chief Judge,
delivered the opinion of the court:
The following facts appear from plaintiff’s petition: Plaintiff was an officer in the Marine Corps Reserve continuously from 1926, during which time he was in both active and inactive service. He was in active service from November 1, 1940, until August 1,1941, when he was released from the hospital at Portsmouth, Virginia, and ordered home on inactive duty without pay. On August 2,1941, he demanded of the Secretary of the Navy that the order placing him on inactive duty be rescinded so that steps might be taken to review that order. At the same time he requested that he be sent to another hospital for re-examination and appearance before a Board of Medical Survey, all in connection with his request for retirement.
*557 Thereafter plaintiff received orders from the Commandant placing him on active duty as of November 12, 1941, and directing that he proceed to the naval hospital at Charleston, South Carolina. Upon re-examination he was found unfit for active service. He then appeared before a Naval Retiring Board, which recommended to the Secretary of the Navy that plaintiff be retired from active service and placed on the retired list. The record of proceedings of the Board were approved by the Secretary and by the President, and plaintiff was placed on the retired list on April 1, 1942. He has drawn disability retirement pay since that date.
Plaintiff is suing here for retired duty pay and allowances for the period August 1, 1941, when he was separated from active service without pay, to November 12, 1941, when he re-entered active service.
Plaintiff commenced this suit on October 22,1951, with the filing of this petition. Defendant has moved to dismiss the suit on the ground that it appears on the face of the petition that the claim sued upon accrued more than six years prior to the filing of the petition, and is therefore barred by the statute of limitations. Plaintiff has filed no objection or response to defendant’s motion to dismiss.
Even bn the assumption most favorable to plaintiff — that his claim did not accrue until April 1, 1942, which is the latest date contained in his petition — his claim would still be barred by the statute of limitations. The statute applicable at the time this claim accrued provided:
Every claim against the United States cognizable by the Court of Claims shall be forever barred unless the petition sétting forth a statement thereof is filed in the court * * * within six years after the claim first accrues. [28 U. S. C. § 262]
Plaintiff did not file this petition until October 22, 1951.
' Defendant’s motion is granted and the petition is dismissed.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.